■ CHRISTOPHER EARL STRUNK, Appellant, v DAVID A. PATERSON et al., Respondents. H. WILLIAM VAN ALLEN, Proposed Intervener-Appellant. [44 NYS3d 64]—

In an action, inter alia, to recover damages for unjust enrichment, the plaintiff and nonparty H. William Van Allen appeal, as limited by their brief, from an order of the Supreme Court, Kings County (Schmidt, J.), dated June 27, 2014, which (a), in effect, denied that branch of the plaintiff's motion, denominated as one for leave to renew and reargue, but which was, in actuality, one for leave to reargue, (b) in effect, upon reargument, adhered to a determination in an order of the same court dated March 14, 2011, denying that branch of the plaintiff's prior motion which was for leave to file an amended complaint, and (c) denied the motion of nonparty H. William Van Allen, denominated as one for leave to renew and reargue, but which was, in actuality, one for leave to renew his prior motion for leave to intervene in the action as a plaintiff, which had been denied in an order of the same court dated November 22, 2012.

Ordered that the appeal from so much of the order dated June 27, 2014, as, in effect, denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated June 27, 2014, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The Supreme Court, upon reargument, properly adhered to its original determination denying that branch of the plaintiff's motion which was for leave to amend the complaint. Although leave to amend should be freely given in the absence of prejudice or surprise to the opposing party (*see* CPLR 3025 [b]), the motion should be denied where the proposed amendment is palpably insufficient or patently devoid of merit (*see Scofield v DeGroodt*, 54 AD3d 1017 [2008]; *Lucido v Mancuso*, 49 AD3d 220, 229 [2008]). "Whether to grant such leave is within the motion court's discretion, the exercise of which will not be lightly disturbed" (*Pergament v Roach*, 41 AD3d 569, 572 [2007]; *see Zeleznik v MSI Constr., Inc.*, 50 AD3d 1024, 1025 [2008]). Here, the proposed amendments were patently devoid of merit.

The Supreme Court also properly denied the motion of nonparty H. William Van Allen for leave to renew his prior motion for leave to intervene in the action as a plaintiff. The new facts offered in support of the motion would not change the prior determination (*see* CPLR 2221 [e] [2]). Leventhal, J.P., Chambers, Austin and LaSalle, JJ., concur.