Derago v Ko (2020 NY Slip Op 07861)





Derago v Ko


2020 NY Slip Op 07861


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2019-07328
 (Index No. 606028/18)

[*1]Margaret Derago, appellant,
v
Wilson Ko, respondent.


The Law Office of Ming Hai, P.C., Flushing, NY, for appellant.
Moses Ziegelman Richards & Notaro, LLP, New York, NY (Adam Richards of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for malicious prosecution and abuse of process, the plaintiff appeals from an order of the Supreme Court, Nassau County (Leonard D. Steinman, J.), entered May 20, 2019. The order, insofar as appealed from, denied the plaintiff's cross motion for leave to amend the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff and the defendant had a child together in 2003. In 2012, the parties executed a stipulation of settlement (hereinafter the stipulation), which, inter alia, required the defendant to pay $15,000 in monthly child support to the plaintiff. This stipulation has been at the center of a series of legal proceedings between the parties spanning from 2014 to the present, including an appeal before this Court (see Derago v Ko, 153 AD3d 663). Based on this history of litigation, the plaintiff commenced the instant action against the defendant for civil malicious prosecution and abuse of process, alleging that the defendant's various family court petitions, counterclaims in a prior action before the Supreme Court, and the subsequent appeal of orders rendered in the prior action were carried out for the sole purpose of exhausting the plaintiff's financial resources and coercing her to modify the stipulation in the defendant's favor and give up the child support to which the parties had agreed.
In lieu of an answer, the defendant moved, inter alia, to dismiss the complaint pursuant to CPLR 3211(a)(5) and (7). The plaintiff subsequently cross-moved for leave to amend the complaint to add causes of action for breach of duty, breach of contract, civil malicious prosecution, negligent infliction of emotional distress, and statutory relief. In an order entered May 20, 2019, the Supreme Court, inter alia, granted those branches of the defendant's motion which were to dismiss the complaint pursuant to CPLR 3211(a)(5) and (7) and denied the plaintiff's cross motion for leave to amend the complaint. The plaintiff appeals.
Generally, the decision to allow a party to amend a pleading is a discretionary matter for the trial court (see Krichmar v Krichmar, 42 NY2d 858, 860; R & G Brenner Income Tax Consultants v Gilmartin, 166 AD3d 685, 687). While leave to amend should be freely given, a court should nonetheless consider whether the amendment prejudices or surprises the opposing party, or [*2]it is palpably insufficient or patently devoid of merit (see Strunk v Paterson, 145 AD3d 700, 701). While "[n]o evidentiary showing of merit is required under CPLR 3025(b)," the court must still determine "whether the proposed amendment is 'palpably insufficient' to state a cause of action or defense, or is patently devoid of merit" (Lucido v Mancuso, 49 AD3d 220, 229). "[A] court shall not examine the legal sufficiency or merits of a pleading unless such insufficiency or lack of merit is clear and free from doubt" (Faiella v Tysens Park Apts., LLC, 110 AD3d 1028, 1029).
The proposed breach of contract cause of action is palpably insufficient, as it fails to allege that the defendant breached the parties' stipulation (see Cahill v Jordan Home Servs., LLC, 145 AD3d 847, 848; Mishal v Fiduciary Holdings, LLC, 109 AD3d 885, 886; cf. Astro Air Corp. v L.D. Wenger Constr. Co., 178 AD3d 765, 766), and the proposed breach of duty cause of action is patently devoid of merit for similar reasons.
The proposed malicious prosecution cause of action is also patently devoid of merit. "The elements of the tort of malicious prosecution of a civil action are (1) prosecution of a civil action against the plaintiff, (2) by or at the instance of the defendant, (3) without probable cause, (4) with malice, (5) which terminated in favor of the plaintiff, and (6) causing special injury" (Teller v Galak, 162 AD3d 959, 960 [internal quotation marks omitted]). Here, because the prior Supreme Court action terminated in the plaintiff's favor more than one year prior to the commencement of the instant lawsuit, notwithstanding the subsequent appeal by the defendant, the proposed cause of action is untimely (see CPLR 215[3]; Schwartz v Walter, 171 AD3d 969, 970; Teller v Galak, 162 AD3d at 959-960). Moreover, even if the proposed cause of action was timely, it is nevertheless palpably insufficient because the plaintiff failed to allege that she suffered a special injury (see Teller v Galak, 162 AD3d at 960; cf. Sapienza v Notaro, 172 AD3d 1418, 1419-1420).
The proposed cause of action for negligent infliction of emotional distress also is palpably insufficient. "A breach of the duty of care 'resulting directly in emotional harm is compensable even though no physical injury occurred' when the mental injury is 'a direct, rather than a consequential, result of the breach' and when the claim possesses 'some guarantee of genuineness'" (Ornstein v New York City Health & Hosps. Corp., 10 NY3d 1, 6, quoting Kennedy v McKesson Co., 58 NY2d 500, 504, 506; see Taggart v Costabile, 131 AD3d 243, 256). Here, however, the relationship between the plaintiff and the defendant was a contractual one based on the existence of the stipulation, "which does not give rise to a duty which could furnish a basis for tort liability" (Rakylar v Washington Mut. Bank, 51 AD3d 995, 996; see Johnson v Jamaica Hosp., 62 NY2d 523, 528; Baumann v Hanover Community Bank, 100 AD3d 814, 816). The duty the defendant owed the plaintiff was to pay child support pursuant to the stipulation.
The plaintiff's assertions that the proposed amended complaint sufficiently alleged causes of action for necessaries and prima facie tort, raised for the first time on appeal, are not properly before this Court.
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's cross motion for leave to amend the complaint.
RIVERA, J.P., AUSTIN, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court