Cordell Marble Falls, LLC v Kelly (2021 NY Slip Op 00833)





Cordell Marble Falls, LLC v Kelly


2021 NY Slip Op 00833


Decided on February 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2018-00217 
2018-00551
 (Index No. 602789/17)

[*1]Cordell Marble Falls, LLC, et al., appellants,
v
Cara Mittleman Kelly, etc., et al., respondents.


Irwin R. Gilbert, Rochester, NY, for appellants.
Rivkin, Radler LLP, Uniondale, NY (Cheryl F. Korman, Peter C. Contino, Stuart M. Bodoff, Todd Belous, and Evan Krinick of counsel), for respondents.



DECISION & ORDER
In action to recover damages for violation of Judiciary Law § 487, the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Timothy S. Driscoll, J.), entered October 23, 2017, and (2) a judgment of the same court entered November 21, 2017. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint. The judgment, upon the order, is in favor of the defendants and against the plaintiffs dismissing the complaint.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
In April 2013, nonparty Whitecap (US) Fund, L.P. (hereinafter Whitecap), commenced an action against the plaintiffs in which it was alleged, inter alia, that the plaintiffs breached their fiduciary duties related to a land development project (hereinafter the prior action). The defendants, Munsch Hardt Kopf & Harr, P.C., and Cara Mittleman Kelly, were the attorneys who represented Whitecap in the prior action. During the course of the prior action, Whitecap submitted affidavits executed by Eric Kamisher and Westin Lovy in which they stated that the plaintiffs failed to provide required financial disclosure. In October 2013, after it was learned that the plaintiffs had complied with their financial disclosure obligations, the Supreme Court granted Whitecap's motion to voluntarily discontinue the prior action.
Thereafter, the plaintiffs commenced this action against the defendants to recover damages for violation of Judiciary Law § 487 based on the defendants' filing of the Kamisher and Lovy affidavits in the prior action, which the plaintiffs alleged contained knowingly false [*2]information intended to deceive the Supreme Court. The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint. In an order entered October 23, 2017, the Supreme Court granted the defendants' motion. Subsequently, a judgment was entered on November 21, 2017, in favor of the defendants and against the plaintiffs, dismissing the complaint. The plaintiffs appeal.
"In assessing the adequacy of a complaint under CPLR 3211(a)(7), the court must give the pleading a liberal construction, accept the facts alleged in the complaint to be true and afford the plaintiff 'the benefit of every possible favorable inference'" (J.P. Morgan Sec. Inc. v Vigilant Ins. Co., 21 NY3d 324, 334, quoting AG Capital Funding Partners, L.P. v State St. Bank & Trust Co., 5 NY3d 582, 591). "A court is, of course, permitted to consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211(a)(7)" (Sokol v Leader, 74 AD3d 1180, 1181; see CPLR 3211[c]). "If the court considers evidentiary material, the criterion then becomes 'whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one'" (Sokol v Leader, 74 AD3d at 1181-1182, quoting Guggenheimer v Ginzburg, 43 NY2d 268, 275). "[B]are legal conclusions and factual claims which are flatly contradicted by the record are not presumed to be true" (Parola, Gross & Marino, P.C. v Susskind, 43 AD3d 1020, 1021-1022).
Under Judiciary Law § 487(1), an attorney who "[i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party" is liable to the injured party for treble damages (see Shaffer v Gilberg, 125 AD3d 632, 636; Curry v Dollard, 52 AD3d 642, 644). "[V]iolation of Judiciary Law § 487 requires an intent to deceive" (Moormann v Perini & Hoerger, 65 AD3d 1106, 1108) as opposed to conduct which is negligent. Here, the evidentiary material submitted by the defendants in support of their motion, which included, among other things, the motion papers filed in the prior action and excerpts of Lovy's deposition testimony given in the prior action, was sufficient to demonstrate that the fact as alleged by the plaintiffs— that the defendants knew that certain statements set forth in the Kamisher and Lovy affidavits when submitted in the prior action were false with intent to deceive the court—was not a fact at all (see Shaffer v Gilberg, 125 AD3d at 636; Siskin v Cassar, 122 AD3d 714, 717; see generally Guggenheimer v Ginzburg, 43 NY2d at 274-275). The complaint, as amplified by the plaintiffs' evidentiary submissions in opposition to the defendants' motion, contained only conclusory allegations, without any factual basis, that the defendants acted to deceive the court when submitting the Kamisher and Lovy affidavits in the prior action (see generally Patel v Gardens at Forest Hills Owners Corp., 181 AD3d 611, 613).
The plaintiffs' remaining contentions are without merit.
Accordingly, the Supreme Court properly granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
CHAMBERS, J.P., AUSTIN, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court