Constant v Public Adm'r of Queens County (2022 NY Slip Op 02249)

Constant v Public Adm'r of Queens County

2022 NY Slip Op 02249

Decided on April 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
WILLIAM G. FORD, JJ.

2019-12494
 (Index No. 709114/19)

[*1]Marie R. Constant, appellant, 
v
Public Administrator of Queens County, etc., respondent.

Mallilo & Grossman, Flushing, NY (Spencer R. Bell of counsel), for appellant.
Gerard J. Sweeney, Lake Success, NY, for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered October 21, 2019. The order granted the defendant's motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
On January 10, 2018, the plaintiff allegedly was injured when she slipped and fell on ice on the sidewalk abutting certain property in Queens (hereinafter the premises). Shirley M. Grant (hereinafter the decedent) was the owner of the premises until she died on September 12, 2015. On May 23, 2018, letters of administration were issued to the Public Administrator of Queens County (hereinafter the defendant) pursuant to SCPA 1001(9).
In May 2018, the plaintiff commenced this action to recover damages for personal injuries against the defendant, alleging that the defendant negligently maintained the premises. Thereafter, the defendant moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint on the ground that it was not the administrator of the decedent's estate at the time of the alleged incident, and thus, could not have owed any duty to the plaintiff or negligently maintained the property at that time. In an order entered October 21, 2019, the Supreme Court granted the defendant's motion. The plaintiff appeals.
"To succeed on a motion to dismiss pursuant to CPLR 3211(a)(1), the documentary evidence that forms the basis of the defense must be such that it resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim" (Teitler v Pollack & Sons, 288 AD2d 302, 302; see Leon v Martinez, 84 NY2d 83, 87-88). To be considered documentary, evidence must be unambiguous and of undisputed authenticity, that is, it must be essentially unassailable (see Bath & Twenty, LLC v Federal Sav. Bank, 198 AD3d 855, 855-856; JPMorgan Chase Bank, N.A. v Klein, 178 AD3d 788, 790). "'Judicial records . . . and any other papers, the contents of which are essentially undeniable, would qualify as documentary evidence in the proper case'" (JPMorgan Chase Bank, N.A. v Klein, 178 AD3d at 790, quoting Eisner v Cusumano Constr., Inc., 132 AD3d 940, 941).
Further, where, as here, evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for [*2]summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one (see Bath & Twenty, LLC v Federal Sav. Bank, 198 AD3d at 856; Cordell Marble Falls, LLC v Kelly, 191 AD3d 760, 762). "In assessing the adequacy of a complaint under CPLR 3211(a)(7), the court must give the pleading a liberal construction, accept the facts alleged in the complaint to be true and afford the plaintiff the benefit of every possible favorable inference" (Cordell Marble Falls, LLC v Kelly, 191 AD3d at 761 [internal quotation marks omitted]; see AG Capital Funding Partners, L.P. v State St. Bank & Trust Co., 5 NY3d 582, 591). However, "'factual claims which are flatly contradicted by the record are not presumed to be true'" (Cordell Marble Falls, LLC v Kelly, 191 AD3d at 762, quoting Parola, Gross & Marino, P.C. v Susskind, 43 AD3d 1020, 1021-1022).
Here, the documentary evidence submitted by the defendant, which included the letters of administration issued on May 23, 2018, more than four months after the incident, utterly refuted the plaintiff's allegations that the defendant owned, controlled, and managed the premises at the time of the incident, thereby conclusively establishing a defense as a matter of law (see Karpovich v City of New York, 162 AD3d 996, 998). Thus, the plaintiff failed to state a cause of action sounding in negligence.
Accordingly, the Supreme Court properly granted the defendant's motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint.
BARROS, J.P., RIVERA, WOOTEN and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court