Fernando v Wilmington Sav. Fund Socy., FSB (2022 NY Slip Op 05202)

Fernando v Wilmington Sav. Fund Socy., FSB

2022 NY Slip Op 05202

Decided on September 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2020-08223
 (Index No. 51172/20)

[*1]Bernadette M. Fernando, appellant,
v
Wilmington Savings Fund Society, FSB, etc., et al., respondents, et al., defendant.

Solomon Zabrowsky, New York, NY, for appellant.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Michel Lee of counsel), for respondent Wilmington Savings Fund Society, FSB.
Belowich & Walsh, LLP, White Plains, NY (Joanna Sandolo and Daniel G. Walsh of counsel), for respondent 14 State, LLC.

DECISION & ORDER
In an action to set aside a foreclosure sale, the plaintiff appeals from an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated September 2, 2020. The order granted the separate motions of the defendants Wilmington Savings Fund Society, FSB, and 14 State, LLC, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them, and, sua sponte, directed dismissal of the complaint insofar as asserted against the defendant Francis J. Malara.
ORDERED that the appeal from so much of the order as, sua sponte, directed dismissal of the complaint insofar as asserted against the defendant Francis J. Malara is dismissed, as no appeal lies as of right from a portion of an order that does not decide a motion made on notice (see CPLR 5701[a]), and leave to appeal has not been granted; and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
The plaintiff commenced this action to set aside a foreclosure sale of her property, conducted after the defendant Wilmington Savings Fund Society, FSB (hereinafter Wilmington), obtained an order and judgment of foreclosure and sale. The property was sold at auction to the defendant 14 State, LLC (hereinafter 14 State).
Wilmington and 14 State separately moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them. In an order dated September 2, 2020, the Supreme Court, inter alia, granted the motions on the ground that this action was barred by the doctrine of res judicata. The plaintiff appeals. We affirm, albeit on a different ground.
Under the doctrine of res judicata, or claim preclusion, a valid final judgment bars future actions between the same parties on the same cause of action, as well as all other claims arising out of the same transaction or series of transactions, even if based upon different theories or [*2]if seeking a different remedy (see Simmons v Trans Express Inc., 37 NY3d 107, 111; Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 347). "Ultimately, the application of the transactional approach to claim preclusion seeks to prevent litigants from taking two bites at the apple; however, '[i]n properly seeking to deny [litigants] two days in court, [we] must be careful not to deprive [them] of one'" (Simmons v Trans Express Inc., 37 NY3d at 112, quoting Matter of Reilly, 45 NY2d 24, 28).
Here, the Supreme Court incorrectly determined that this action constituted an improper collateral attack on the order and judgment of foreclosure and sale. This action does not challenge that order and judgment, but rather, concerns the subsequent sale conducted pursuant to the order and judgment. Thus, the granting of the requested relief in the present action would not destroy or impair the rights established by the order and judgment of foreclosure and sale in the prior action (cf. Pusey v Morales, 181 AD3d 621, 623).
Nevertheless, as Wilmington and 14 State argue as an alternative ground for affirmance (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539), the action was subject to dismissal pursuant to CPLR 3211(a)(7).
"When assessing a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept as true all facts as alleged in the pleading, accord the pleader the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Davis v 574 Lafa Corp., 206 AD3d 613, 615). However, "factual claims which are flatly contradicted by the record are not presumed to be true" (Constant v Public Adm'r of Queens County, 204 AD3d 640, 641 [internal quotation marks omitted]; see Maas v Cornell Univ., 94 NY2d 87, 91; Marinelli v New York Methodist Hosp., 205 AD3d 710).
RPAPL 231(2)(a) requires, inter alia, that notice of the time and place of a foreclosure sale be published in a newspaper in the county in which the property is located. Additionally, "'[p]arties to an action involving the sale of real property pursuant to a judgment, who have appeared in the action and have not waived service, are entitled to have served upon them, pursuant to CPLR 2103, all papers in the action, including a notice of sale'" (38-12 Astoria Blvd., LLC v Ramos, 203 AD3d 790, 791, quoting Wells Fargo Bank, N.A. v Ramphal, 172 AD3d 1280, 1281).
Here, the notice of sale, affidavit of mailing of the notice, affidavit of publication, and newspaper advertisement of the sale, submitted by Wilmington and 14 State on their motions, "flatly contradicted" the factual allegations in the complaint that Wilmington did not provide notice that the sale would take place on November 7, 2019 (Constant v Public Adm'r of Queens County, 204 AD3d at 641). Furthermore, in opposition to the motion, the plaintiff did not dispute any of this evidence. Accordingly, the complaint insofar as asserted against Wilmington and 14 State was properly dismissed pursuant to CPLR 3211(a)(7).
In light of our determination, we need not reach the parties' remaining contentions.
IANNACCI, J.P., MILLER, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court