Sage v Neil H. Greenberg & Assoc., P.C. (2023 NY Slip Op 04787)

Sage v Neil H. Greenberg & Assoc., P.C.

2023 NY Slip Op 04787

Decided on September 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2021-03142
 (Index No. 611826/20)

[*1]Ethan Sage, et al., appellants, 
v
Neil H. Greenberg and Associates, P.C., et al., respondents, et al., defendants.

Lee R. Pearlman, Centereach, NY, for appellants.
Neil H. Greenberg and Associates, P.C., Massapequa, NY (Justin M. Reilly and Keith Williams of counsel), respondent pro se and for respondent Neil H. Greenberg.

DECISION & ORDER
In an action, inter alia, to recover damages for malicious prosecution, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Christopher G. Quinn, J.), entered April 2, 2021. The order, insofar as appealed from, granted the motion of the defendants Neil H. Greenberg and Associates, P.C., and Neil H. Greenberg pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them, and denied that branch of the plaintiffs' cross-motion which was pursuant to CPLR 3025(b) for leave to amend the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
Neil H. Greenberg and Associates, P.C., a law firm, and its managing attorney, Neil H. Greenberg, represented Jose Sanchez and Antonio Mejia Palacio in an action commenced in the United States District Court for the Eastern District of New York against, among others, Ethan Sage and Oceanside First Class Roofing, Inc., inter alia, to recover damages for unpaid overtime wages and for failure to provide wage statement notices as required by Labor Law § 195(3). In August 2018, the District Court dismissed the claims for unpaid overtime wages, but found in favor of Sanchez and Palacio on the causes of action alleging a violation of Labor Law § 195(3). Sanchez and Palacio were awarded statutory damages, as well as attorneys' fees and costs in connection with the Labor Law § 195(3) claims.
In October 2020, Sage and Oceanside First Class Roofing, Inc., commenced this action to recover damages for malicious prosecution and violation of Judiciary Law § 487. The complaint alleged, among other things, that Greenberg and Neil H. Greenberg and Associates, P.C. (hereinafter together the defendants), prosecuted the federal action based on false testimony from Sanchez and Palacio. The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. The defendants argued, among other things, that the malicious prosecution cause of action was time-barred, and that the cause of action alleging a violation of Judiciary Law § 487 failed to state a cause of action. The plaintiffs cross-moved, inter alia, pursuant to CPLR 3025(b) for leave to amend the complaint to assert an additional cause of action to recover damages for prima facie tort. By order entered April 2, 2021, the Supreme Court, among other things, granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint insofar [*2]as asserted against them, and denied that branch of the plaintiffs' cross-motion which was pursuant to CPLR 3025(b) for leave to amend the complaint. The plaintiffs appeal.
The Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss the cause of action alleging malicious prosecution insofar as asserted against them as time-barred. A defendant moving to dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the applicable statute of limitations bears the initial burden of demonstrating, prima facie, that the time in which to sue has expired (see A.F. Rockland Plumbing Supply Corp. v Hudson Shore Associated Ltd. Partnership, 96 AD3d 885, 886; Fleetwood Agency, Inc. v Verde Elec. Corp., 85 AD3d 850, 851). A cause of action to recover damages for malicious prosecution is governed by a one-year statute of limitations, which begins to run upon favorable termination of the underlying lawsuit (see CPLR 215[3]; Derago v Ko, 189 AD3d 1352, 1354; 10 Ellicott Sq. Ct. Corp. v Violet Realty, Inc., 81 AD3d 1366, 1368). Here, because the District Court dismissed the causes of action asserted by Sanchez and Palacio to recover damages for unpaid overtime wages more than one year prior to the commencement of this action, the cause of action alleging malicious prosecution insofar as asserted against the defendants is untimely (see Derago v Ko, 189 AD3d at 1354; 10 Ellicott Sq. Ct. Corp. v Violet Realty, Inc., 81 AD3d at 1368).
The Supreme Court also properly granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging a violation of Judiciary Law § 487. Pursuant to Judiciary Law § 487(1), an attorney who "[i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party" is liable to the injured party for treble damages (see Cordell Marble Falls, LLC v Kelly, 191 AD3d 760, 762). "A violation of Judiciary Law § 487 requires an intent to deceive" (Moormann v Perini & Hoerger, 65 AD3d 1106, 1108; see Cordell Marble Falls, LLC v Kelly, 191 AD3d at 762). "[T]o establish liability under section 487, the plaintiff must show that the defendant acted with intent to deceive him or her or the court" (Palmieri v Perry, Van Etten, Rozanski & Primavera, LLP, 200 AD3d 785, 787). "Allegations regarding an act of deceit or intent to deceive must be stated with particularity" (Bill Birds, Inc. v Stein Law Firm, P.C., 164 AD3d 635, 637, affd 35 NY3d 173; see Palmieri v Perry, Van Etten, Rozanski & Primavera, LLP, 200 AD3d at 785). Here, the factual allegations in the complaint, even as amplified by the plaintiffs' evidentiary submissions in opposition to the defendants' motion, were insufficient to establish that the defendants acted with intent to deceive the plaintiffs or the court (see Cordell Marble Falls, LLC v Kelly, 191 AD3d at 762; Michalic v Klat, 128 AD2d 505, 506; Shaffer v Gilberg, 125 AD3d 632, 636).
With respect to the plaintiffs' cross-motion, "[i]n the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (Marcum, LLP v Silva, 117 AD3d 917, 917; see Toiny, LLC v Rahim, 214 AD3d 1023). "The determination to permit or deny amendment is committed to the sound discretion of the trial court" (Marcum, LLP v Silva, 117 AD3d at 917; see Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959). "An amendment that seeks to add a cause of action which is time-barred by the applicable statute of limitations is patently devoid of merit" (Roco G.C. Corp. v Bridge View Tower, LLC, 166 AD3d 1031, 1033). Here, the cause of action in the proposed amended complaint alleging prima facie tort was patently without merit, as it was time-barred (see Teller v Galak, 162 AD3d 959, 960). Accordingly, the Supreme Court properly denied that branch of the plaintiffs' cross-motion which was pursuant to CPLR 3025(b) for leave to amend the complaint.
BARROS, J.P., CHAMBERS, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court