Precious Care Mgt., LLC v Monsey Care, LLC (2023 NY Slip Op 06067)

Precious Care Mgt., LLC v Monsey Care, LLC

2023 NY Slip Op 06067

Decided on November 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.

2021-06128
 (Index No. 506072/21)

[*1]Precious Care Management, LLC, appellant,
v
Monsey Care, LLC, respondent.

Pollock Cohen LLP, New York, NY (Benjamin D. Battles and Adam Pollack of counsel), for appellant.
Abrams Fensterman, LLP, White Plains, NY (Robert A. Spolzino, Lisa Colosi Florio, and Aaron Zucker of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for tortious interference with contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated July 19, 2021. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for leave to amend the complaint to assert causes of action alleging fraudulent conveyance, successor liability, and unjust enrichment.
ORDERED that the order is affirmed insofar as appealed from, with costs.
Precious Care Management, LLC (hereinafter Precious Care), and JM UC Group, LLC (hereinafter JM), each owned a 50% membership interest in UMUC Management Monsey, LLC (hereinafter UMUC), which managed an urgent care facility in Monsey. After a dispute arose between JM and Precious Care regarding the management of UMUC, on October 10, 2018, JM and Precious Care entered into a membership interest purchase agreement (hereinafter the MIPA), whereby JM and Precious Care agreed that Precious Care had until November 15, 2018, to purchase JM's interest in UMUC for a specified price. Pursuant to the MIPA, if Precious Care failed to purchase JM's interest in UMUC by November 15, 2018, then Precious Care's interest in UMUC would be terminated as of November 15, 2018, and transferred to JM, and JM was required to purchase Precious Care's interest in UMUC for the specified price by February 15, 2019, which could be extended until March 17, 2019, under certain specified circumstances.
In 2019, JM, individually and derivatively on behalf of UMUC, commenced an action (hereinafter the 2019 action) against, among others, Precious Care. In 2020, Precious Care commenced this action against Monsey Care, LLC (hereinafter Monsey Care), to recover damages for tortious interference with contract, alleging, inter alia, that JM failed to pay Precious Care for Precious Care's interest in UMUC, the owners of JM established Monsey Care, and JM and Monsey Care assumed control over UMUC. Thereafter, Precious Care moved, among other things, for leave to amend the complaint to assert causes of action alleging fraudulent conveyance in violation of Debtor and Creditor Law §§ 273, 274, and 276, successor liability, and unjust enrichment. In opposition, Monsey Care argued, inter alia, that these proposed causes of action were palpably insufficient and devoid of merit. The Supreme Court denied those branches of Precious Care's [*2]motion, determining that the proposed causes of action alleging fraudulent conveyance in violation of Debtor and Creditor Law §§ 273, 274, and 276, successor liability, and unjust enrichment were duplicative of counterclaims Precious Care asserted against JM in the 2019 action. Precious Care appeals.
Under the circumstances of this case and with the consent of the parties, we take judicial notice of Precious Care's answer with counterclaims in the 2019 action, which is contained in the record on a related appeal (JM UC Group, LLC v Precious Care Mgt., LLC, ___ AD3d ___ [decided herewith]; see Lewis v Holliman, 176 AD3d 1048, 1049-1050; Caffrey v North Arrow Abstract & Settlement Servs., Inc., 160 AD3d 121, 126; Matter of Wesley R., 307 AD2d 360, 363; Matter of Allen v Strough, 301 AD2d 11, 18; Schmidt v Magnetic Head Corp., 97 AD2d 151, 158 n 3). Although the Supreme Court improperly determined that the proposed causes of action alleging fraudulent conveyance in violation of Debtor and Creditor Law §§ 273, 274, and 276, successor liability, and unjust enrichment against Monsey Care were duplicative of Precious Care's counterclaims against JM, a different party (see Kelley v Galina-Bouquet, Inc., 155 AD2d 96, 99; see also Triboro Fastener & Chem. Prods. Corp. v Lee, 236 AD2d 603, 604), the court nevertheless properly denied those branches of Precious Care's motion which were for leave to amend the complaint to assert causes of action alleging fraudulent conveyance in violation of Debtor and Creditor Law §§ 273, 274, and 276, successor liability, and unjust enrichment, as those proposed causes of action were palpably insufficient and patently devoid of merit.
"Generally, the decision to allow a party to amend a pleading is a discretionary matter for the trial court" (Derago v Ko, 189 AD3d 1352, 1353; see Krichmar v Krichmar, 42 NY2d 858, 860; R & G Brenner Income Tax Consultants v Gilmartin, 166 AD3d 685, 687). "Although leave to amend should be freely given in the absence of prejudice or surprise to the opposing party, the motion should be denied where the proposed amendment is palpably insufficient or patently devoid of merit" (Strunk v Paterson, 145 AD3d 700, 701 [citation omitted]; see Derago v Ko, 189 AD3d at 1354). While "[n]o evidentiary showing of merit is required under CPLR 3025(b)," the court must still determine "whether the proposed amendment is 'palpably insufficient' to state a cause of action or defense, or is patently devoid of merit" (Lucido v Mancuso, 49 AD3d 220, 229; see Derago v Ko, 189 AD3d at 1354).
Here, the proposed cause of action alleging fraudulent conveyance premised upon violations of Debtor and Creditor Law §§ 273, 274, and 276 was palpably insufficient and patently devoid of merit, as the allegations of a conveyance from JM to Monsey Care were speculative and conclusory (see Riback v Margulis, 43 AD3d 1023). Additionally, with respect to so much of the proposed cause of action alleging fraudulent conveyance as was premised upon violations of Debtor and Creditor Law §§ 273 and 274, the allegations in the proposed amended complaint regarding lack of consideration and undercapitalization or insolvency were speculative and conclusory (see Eagle Eye Collection Corp. v Shariff, 190 AD3d 600, 601; Jaliman v D.H. Blair & Co. Inc., 105 AD3d 646, 647).
Likewise, the proposed cause of action alleging unjust enrichment was palpably insufficient and patently devoid of merit, as it did not allege a sufficient relationship between Precious Care and Monsey Care (see Georgia Malone & Co., Inc. v Rieder, 19 NY3d 511, 518-519; Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182; Matter of Amos Fin., LLC v Noya 23, LLC, 196 AD3d 477, 478; Financial Assistance, Inc. v Graham, 191 AD3d 952, 957).
Further, the proposed cause of action alleging successor liability was palpably insufficient. As Monsey Care correctly contends, "successor liability is not a separate cause of action, but merely a theory for imposing liability on a defendant based on a predecessor's conduct" (Marcum LLP v Fazio, Mannuzza, Roche, Tankel, Lapilusa, LLC, 65 Misc 3d 1235[A], 2019 NY Slip Op 52010[U], *1 [Sup Ct, Suffolk County]; see Gould v ILKB, LLC, 2022 WL 2079652, *10, 2022 US Dist LEXIS 103363, *29 [ED NY, No. 2:20-cv-5154 (DRH) (JMW)]; City of Syracuse v Loomis Armored US, LLC, 900 F Supp 2d 274, 290 [ND NY]; see also Tribeca Space Mgrs., Inc. v Tribeca Mews Ltd., 200 AD3d 626, 628). Here, Precious Care failed to allege any debts or obligations of UMUC for which Monsey Care would be liable to Precious Care on a theory of [*3]successor liability (see Robert H. Law, Inc. v Woodbine Bus. Park, Inc., 2019 WL 1130121, *33, 2019 US Dist LEXIS 39276, *74-75 [ND NY, No. 5:13-CV-1393 (GTS/DEP)]; see also Sarachek v Fortgang, 67 AD3d 887, 888; Jaliman v D.H. Blair & Co. Inc., 105 AD3d at 648).
In light of our determination, we do not reach the parties' remaining contentions.
CONNOLLY, J.P., BRATHWAITE NELSON, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court