Chinapen v Sookdeo (2025 NY Slip Op 01905)

Chinapen v Sookdeo

2025 NY Slip Op 01905

Decided on April 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2023-00412
 (Index No. 713688/21)

[*1]Sandiya Chinapen, et al., appellants,
v
Bebi Sookdeo, et al., respondents.

Holihan & Associates, P.C., Richmond Hill, NY (Stephen Holihan of counsel), for appellants.
John J. Macron, Staten Island, NY, for respondents.

DECISION & ORDER
In an action, inter alia, for ejectment, the plaintiffs appeal from an order of the Supreme Court, Queens County (Sally E. Unger, J.), entered October 21, 2022. The order granted the defendants' motion for leave to serve an amended answer.
ORDERED that the order is affirmed, with costs.
The plaintiffs and the defendants separately own adjoining properties in Richmond Hill. The plaintiffs commenced this action, inter alia, for ejectment, pertaining to certain structures that they alleged were owned by the defendants and encroached onto the plaintiffs' property.
On August 19, 2021, the defendants joined issue by filing answers. By notice of motion dated October 12, 2021, the defendants moved for leave to serve an amended answer, among other things, to add counterclaims alleging adverse possession and easement by prescription. The plaintiffs opposed the motion.
By order entered October 21, 2022, the Supreme Court granted the defendants' motion, determining that the proposed amendments were not palpably insufficient or patently devoid of merit and that the plaintiffs did not demonstrate any prejudice or surprise. The plaintiffs appeal.
"Applications for leave to amend pleadings under CPLR 3025(b) should be freely granted unless the proposed amendment (1) would unfairly prejudice or surprise the opposing party, or (2) is palpably insufficient or patently devoid of merit" (Caldara v County of Westchester, 197 AD3d 607, 608 [internal quotation marks omitted]; see CPLR 3025[b]). "The determination to permit or deny amendment is committed to the sound discretion of the trial court" (Clarke v Acadia-Washington Sq. Tower 2, LLC, 175 AD3d 1240, 1241; see Hofstra Univ. v Nassau County, N.Y., 166 AD3d 861, 863).
"No evidentiary showing of merit is required under CPLR 3025(b)" (Caldara v County of Westchester, 197 AD3d at 608 [internal quotation marks omitted]; see Clarke v Acadia-Washington Sq. Tower 2, LLC, 175 AD3d at 1241). "The court need only determine whether the proposed amendment is 'palpably insufficient' to state a cause of action or defense, or is patently [*2]devoid of merit" (Caldara v County of Westchester, 197 AD3d at 608 [internal quotation marks omitted]; see Cirillo v Lang, 206 AD3d 611, 612). "A court shall not examine the legal sufficiency or merits of a pleading unless such insufficiency or lack of merit is clear and free from doubt" (Derago v Ko, 189 AD3d 1352, 1354 [brackets and internal quotation marks omitted]).
Here, the plaintiffs did not allege that the proposed amended answer would result in any prejudice or surprise. Further, the counterclaims asserted in the proposed amended answer were not palpably insufficient or patently devoid of merit (see Carter v Nouveau Indus., Inc., 187 AD3d 702, 705; Capezzano Constr. Corp. v Weinberger, 150 AD3d 811, 812; cf. Dray v Staten Is. Univ. Hosp., 227 AD3d 664, 667). If the plaintiffs wish to test the merits of the counterclaims, then they may move pursuant to CPLR 3211 to dismiss the counterclaims or for summary judgment dismissing the counterclaims, upon a proper showing (see Favia v Harley-Davidson Motor Co., Inc., 119 AD3d 836, 837; Lucido v Mancuso, 49 AD3d 220, 229).
Accordingly, the Supreme Court properly granted the defendants' motion for leave to serve an amended answer.
DUFFY, J.P., WOOTEN, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court