Anderson v ML Real Estate Holdings, LLC (2025 NY Slip Op 05931)

Anderson v ML Real Estate Holdings, LLC

2025 NY Slip Op 05931

Decided on October 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2024-00772
 (Index No. 5267/20)

[*1]Kevin Anderson, et al., respondents,
v
ML Real Estate Holdings, LLC, appellant.

Cohen, LaBarbera & Landrigan, LLP, Chester, NY (Kyle A. Seiss of counsel), for appellant.
MacVean, Lewis, Sherin & McDermott, P.C., Middletwon, NY (Kevin F. Preston of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Orange County (David J. Squirrell, J.), dated December 18, 2023. The order granted the plaintiffs' motion pursuant to CPLR 3025(b) for leave to amend the complaint.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, and the plaintiffs' motion pursuant to CPLR 3025(b) for leave to amend the complaint is denied.
In 2017, the plaintiffs entered into a contract to purchase land and a new construction home (hereinafter together the property) from the defendant. Prior to the closing, the plaintiffs submitted a "Punch List" pursuant to the contract, which required that certain items be completed within 60 days of the closing. By deed dated August 29, 2018, the defendant conveyed the property to the plaintiffs.
In 2020, the plaintiffs commenced this action, inter alia, to recover damages for breach of contract, alleging, among other things, that the defendant did not complete the punch list. Between October 2021 and October 2022, Abraham Berkovic and Walter Berkovic (hereinafter together the Berkovics), as principals of the defendant, engaged in settlement negotiations with the plaintiffs. In July 2023, the plaintiffs moved pursuant to CPLR 3025(b) for leave to amend the complaint to add the Berkovics as defendants and to assert a cause of action against them by piercing the corporate veil. In an order dated December 18, 2023, the Supreme Court granted the motion. The defendant appeals.
"Generally, the decision to allow a party to amend a pleading is a discretionary matter for the trial court" (Derago v Ko, 189 AD3d 1352, 1353; see Krichmar v Krichmar, 42 NY2d 858, 860; R & G Brenner Income Tax Consultants v Gilmartin, 166 AD3d 685, 687). "Although leave to amend should be freely given in the absence of prejudice or surprise to the opposing party, the motion should be denied where the proposed amendment is palpably insufficient or patently devoid of merit" (Strunk v Paterson, 145 AD3d 700, 701 [citation omitted]; see Derago v Ko, 189 AD3d [*2]at 1354). While "[n]o evidentiary showing of merit is required under CPLR 3025(b)," the court must still determine "whether the proposed amendment is 'palpably insufficient' to state a cause of action or defense, or is patently devoid of merit" (Lucido v Mancuso, 49 AD3d 220, 229; see Derago v Ko, 189 AD3d at 1354).
"'Broadly speaking, the courts will disregard the corporate form, or, to use accepted terminology, "pierce the corporate veil," whenever necessary "to prevent fraud or to achieve equity"'" (Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 47, quoting Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 140). "'Generally, a plaintiff seeking to pierce the corporate veil must show that (1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury'" (id., quoting Conason v Megan Holding, LLC, 25 NY3d 1, 18). The mere contention that a corporation was completely dominated by its owners or conclusory assertions that a corporation acted as the owners' "alter ego," without more, will not suffice to support the equitable relief of piercing the corporate veil (see Matter of Arben Corp. v Durastone, LLC, 186 AD3d 599, 600; Sky-Track Tech. Co. Ltd. v HSS Dev., Inc., 167 AD3d 964, 965; Sacks v Knolls at Pinewood, LLC, 157 AD3d 917, 919; JGK Indus., LLC v Hayes NY Bus., LLC, 145 AD3d 979, 981). "Factors to be considered in determining whether the owner has 'abused the privilege of doing business in the corporate form' include whether there was a 'failure to adhere to corporate formalities, inadequate capitalization, commingling of assets, and use of corporate funds for personal use'" (East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 66 AD3d 122, 127, affd 16 NY3d 775, quoting Millennium Constr., LLC v Loupolover, 44 AD3d 1016, 1016-1017). Moreover, even under the liberal standards of CPLR 3025(b), the proposed amended complaint must still sufficiently allege the material elements of the cause of action asserted (see East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 66 AD3d at 127).
Here, the proposed amended complaint contains only conclusory allegations that the Berkovics breached a settlement agreement, thereby acting in bad faith and in furtherance of their own interests, and that the Berkovics exercised complete domination over the defendant in the transaction at issue and, in doing so, abused the privilege of doing business in the corporate form. The proposed amended complaint fails to assert that the Berkovics acted other than in their alleged capacity as the principals of the defendant or that they failed to respect the separate legal existence of the defendant. Thus, the proposed cause of action seeking to pierce the corporate veil was palpably insufficient and patently devoid of merit as it was speculative and conclusory (see Precious Care Mgt. LLC v Monsey Care, LLC, 221 AD3d 922, 924; Derago v Ko, 189 AD3d at 1354; East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 66 AD3d at 127). Accordingly, the Supreme Court should have denied the plaintiffs' motion pursuant to CPLR 3025(b) for leave to amend the complaint.
CHAMBERS, J.P., WOOTEN, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court