Costiera v MMR Care Corp. (2025 NY Slip Op 07373)

Costiera v MMR Care Corp.

2025 NY Slip Op 07373

Decided on December 31, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
DONNA-MARIE E. GOLIA, JJ.

2023-02043
 (Index No. 609159/21)

[*1]Cindy Costiera, etc., respondent, 
vMMR Care Corp., etc., appellant.

Wilson Elser Moskowitz Edelman & Dicker LLP, Albany, NY (Lori R. Semlies, Jennifer M. Walsh, and Steven V. DeBraccio of counsel), for appellant.
Finz v Finz, P.C., Mineola, NY (Stuart L. Finz, Todd Rubin, and Benjamin P. Jacobs of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, the defendant appeals from an order of the Supreme Court, Nassau County (Felice J. Muraca, J.), entered January 20, 2023. The order denied the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint is granted.
The plaintiff, as administrator of the estate of the decedent, commenced this action against the defendant, the rehabilitation facility where the decedent resided prior to her death from December 2019 until March 2020. The plaintiff alleged that the decedent was infected with COVID-19 while residing at the rehabilitation facility, which ultimately resulted in her death on April 11, 2020.
The plaintiff asserted causes of action, inter alia, to recover damages for a violation of Public Health Law § 2801-d, negligence, gross negligence, and wrongful death. The defendant moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint, arguing, among other things, that it was immune from liability under the Emergency or Disaster Treatment Protection Act (EDTPA) (Public Health Law former art 30-D, §§ 3080-3082, repealed by L 2021, ch 96, § 1). The Supreme Court denied the defendant's motion. The defendant appeals.
"In determining a motion to dismiss pursuant to CPLR 3211(a)(7), the pleadings are afforded a liberal construction, the facts as alleged in the complaint are accepted as true, and the plaintiff is accorded the benefit of every possible favorable inference" (Mera v New York City Health & Hosps. Corp., 220 AD3d 668, 668-669; see Mikoma Elec., LLC v Otek Bldrs., LLC, 233 AD3d 856, 858). "'A court is, of course, permitted to consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211(a)(7)'" (Cordell Marble Falls, LLC v Kelly, 191 AD3d 760, 761-762, quoting Sokol v Leader, 74 AD3d 1180, 1181; see CPLR 3211[c]). "If the court considers evidentiary material, the criterion then becomes whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one" (Damon v Clove Lakes Healthcare & Rehabilitation Ctr., Inc., 228 AD3d 618, 618 [internal quotation marks [*2]omitted]; see Martinez v NYC Health & Hosps. Corp., 223 AD3d 731, 732). "'Dismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery'" (Laine v Empire HealthChoice Assur., Inc., 234 AD3d 833, 835, quoting Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 142).
"A motion to dismiss based on documentary evidence pursuant to CPLR 3211(a)(1) may be granted 'only where the documentary evidence utterly refutes the plaintiff's factual allegations'" (Popal v DiLorenzo, 231 AD3d 1067, 1068, quoting Bedford-Carp Constr., Inc. v Brooklyn Union Gas Co., 215 AD3d 907, 908).
"As is relevant here, the EDTPA initially provided, with certain exceptions, that a health care facility shall have immunity from any liability, civil or criminal, for any harm or damages alleged to have been sustained as a result of an act or omission in the course of arranging for or providing health care services as long as three conditions were met: [1] the services were arranged for or provided pursuant to a COVID-19 emergency rule or otherwise in accordance with applicable law; [2] the act or omission was impacted by decisions or activities that were in response to or as a result of the COVID-19 outbreak and in support of the State's directives; and [3] the services were arranged or provided in good faith" (Gonnelly v Newburgh Operations, LLC, 236 AD3d 866, 867 [internal quotation marks omitted]; see Public Health Law former § 3082[1]). "The health care services covered by the immunity provision included[, at least initially,] those related to the diagnosis, prevention, or treatment of COVID-19; the assessment or care of an individual with a confirmed or suspected case of COVID-19; and the care of any other individual who presented at a health care facility or to a health care professional during the period of the COVID-19 emergency declaration" (Gonnelly v Newburgh Operations, LLC, 236 AD3d at 867-868 [internal quotation marks omitted]; see Public Health Law former § 3081[5]). The immunity conferred by EDTPA does not apply, however, "if the harm or damages were caused by an act or omission constituting . . . gross negligence . . . by the health care facility" (Public Health Law former § 3082[2]; see Martinez v NYC Health & Hosps. Corp., 223 AD3d at 732-733; Mera v New York City Health & Hosps. Corp., 220 AD3d at 670).
The defendant's submissions, including, inter alia, its various COVID-19 pandemic-related policies and protocols, the directives issued by the New York State Department of Health and the New York State Department of Health and Human Services, and the decedent's medical records, conclusively established that the defendant was entitled to immunity as the three requirements for immunity under the EDTPA were satisfied (see Public Health Law former § 3082[1]; Martinez v NYC Health & Hosps. Corp., 223 AD3d at 732; Mera v New York City Health & Hosps. Corp., 220 AD3d at 670).
Moreover, here, no exception to the immunity provisions of the EDTPA is applicable (see Public Health Law former § 3082[2]). With respect to the plaintiff's cause of action alleging gross negligence, the allegations are no more than "bare legal conclusions with no factual specificity[, which] are insufficient to survive a motion to dismiss" (Pinkesz v Massachusetts Mut. Life Ins. Co., 234 AD3d 886, 888 [internal quotation marks omitted]; see CPLR 3211[a][7]; Hasan v Terrace Acquisitions II, LLC, 224 AD3d 475, 478; Whitehead v Pine Haven Operating LLC, 222 AD3d 104, 111).
Additionally, either the plaintiff's allegations of negligence by the defendant prior to the COVID-19 pandemic are "bare legal conclusions with no factual specificity[, which] are insufficient to survive a motion to dismiss" (Pinkesz v Massachusetts Mut. Life Ins. Co., 234 AD3d at 888 [internal quotation marks omitted]; see Whitehead v Pine Haven Operating LLC, 222 AD3d at 111), or the defendant's submissions, including, among other things, its infection control policies developed prior to the beginning of the COVID-19 pandemic, conclusively established their defense to such allegations (see Martinez v NYC Health & Hosps. Corp., 223 AD3d at 732-733).
Accordingly, the Supreme Court should have granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
In light of our determination, we need not reach the defendant's remaining contentions.
GENOVESI, J.P., FORD, LOVE and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court