Mera v New York City Health & Hosps. Corp. (2023 NY Slip Op 04975)

Mera v New York City Health & Hosps. Corp.

2023 NY Slip Op 04975

Decided on October 4, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
HELEN VOUTSINAS
LILLIAN WAN, JJ.

2021-06922
 (Index No. 712032/21)

[*1]Ana Virginia Mera, etc., respondent,
v
New York City Health and Hospitals Corporation, et al., appellants.

Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Richard Dearing, Claude S. Platton, and Tahirih M. Sadrieh of counsel), for appellants.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice and wrongful death, the defendants appeal from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), dated August 20, 2021. The order denied the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the complaint is granted.
The plaintiff, as administrator of the estate of the decedent, who died on April 5, 2020, from COVID-19, commenced this action against the defendants, the healthcare facilities which treated the decedent before her death. The plaintiff asserted causes of action alleging, inter alia, medical malpractice and wrongful death. The defendants moved pursuant to CPLR 3211(a)(7) to dismiss the complaint, contending, among other things, that under the Emergency or Disaster Treatment Protection Act (Public Health Law former art 30-D, §§ 3080-3082 [repealed by L 2021, ch 96, § 1]; hereinafter the EDTPA) they were immune from liability for the causes of action alleged in the complaint. The Supreme Court denied the motion, and the defendants appeal. The plaintiff has not filed a brief.
In determining a motion to dismiss pursuant to CPLR 3211(a)(7), the pleadings are afforded a liberal construction, the facts as alleged in the complaint are accepted as true, and the plaintiff is accorded the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d 83, 87-88; 106 N. Broadway, LLC v Lawrence, 189 AD3d 733, 736). "'A court is, of course, permitted to consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211(a)(7)'" (Cordell Marble Falls, LLC v Kelly, 191 AD3d 760, 761-762, quoting Sokol v Leader, 74 AD3d 1180, 1181; see CPLR 3211[c]). "If the court considers evidentiary material, the criterion then becomes 'whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one'" (Sokol v Leader, 74 AD3d at 1181-1182, quoting Guggenheimer v Ginzburg, 43 NY2d 268, 275; see Cordell Marble Falls, LLC v Kelly, 191 AD3d at 762). "Dismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 142; see Mistretta v Newsday Media Group, 200 AD3d 775, 777).
At the outset of the COVID-19 pandemic the New York State Legislature enacted the EDTPA with the stated purpose of "promot[ing] the public health, safety and welfare of all citizens by broadly protecting the health care facilities and health care professionals in this state from liability that may result from treatment of individuals with COVID-19 under conditions resulting from circumstances associated with the public health emergency" (Public Health Law former § 3080).
As is relevant here, the EDTPA initially provided, with certain exceptions, that a health care facility "shall have immunity from any liability, civil or criminal, for any harm or damages alleged to have been sustained as a result of an act or omission in the course of arranging for or providing health care services" as long as three conditions were met: the services were arranged for or provided pursuant to a COVID-19 emergency rule or otherwise in accordance with applicable law; the act or omission was impacted by decisions or activities that were in response to or as a result of the COVID-19 outbreak and in support of the State's directives; and the services were arranged or provided in good faith (id. former § 3082[1]). The health care services covered by the immunity provision included those related to the diagnosis, prevention, or treatment of COVID-19; the assessment or care of an individual with a confirmed or suspected case of COVID-19; and the care of any other individual who presented at a health care facility or to a health care professional during the period of the COVID-19 emergency declaration (see id. former § 3081[5]).
Here, the plaintiff alleged that the decedent was diagnosed with COVID-19 after arriving at the defendant Elmhurst Hospital Center (hereinafter the hospital) on March 27, 2020, that she was treated for COVID-19 while admitted in the hospital, and that she died from COVID-19 on April 5, 2020. The affirmation of the attending physician who treated the decedent at the hospital, submitted by the defendants in support of the motion, established that the defendants were entitled to immunity under the EDTPA. As the complaint makes no allegations that the defendants' acts or omissions constituted willful or intentional criminal misconduct, gross negligence, reckless misconduct, or intentional infliction of harm, none of the exceptions to the immunity provisions of the EDTPA apply (see id. former § 3082[2]). Accordingly, the Supreme Court should have granted the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the complaint (see Ruth v Elderwood at Amherst, 209 AD3d 1281; Crampton v Garnet Health, 73 Misc 3d 543, 561 [Sup Ct, Orange County]; see also Escalera v Favaro, 298 AD2d 552, 553).
CONNOLLY, J.P., GENOVESI, VOUTSINAS and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court