Damon v Clove Lakes Healthcare & Rehabilitation Ctr., Inc. (2024 NY Slip Op 03029)

Damon v Clove Lakes Healthcare & Rehabilitation Ctr., Inc.

2024 NY Slip Op 03029

Decided on June 5, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 5, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2022-05052
 (Index No. 150031/22)

[*1]Alfia Damon, etc., appellant, 
v
Clove Lakes Healthcare and Rehabilitation Center, Inc., respondent.

Krentsel Guzman Herbert, LLP (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Lauren E. Bryant], of counsel), for appellant.
Caitlin Robin & Associates, PLLC, New York, NY (Mark A. Laughlin of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, the plaintiff appeals from an order of the Supreme Court, Richmond County (Orlando Marrazzo, Jr., J.), dated June 17, 2022. The order granted the defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint is denied.
In March 2020, Steven Buttacavoli (hereinafter the decedent) was admitted to a nursing facility operated by the defendant. During his admission, the decedent allegedly became infected with SARS-CoV-2 and COVID-19 and developed respiratory distress and hypoxia, which resulted in his death on April 18, 2020. The plaintiff, as the administrator of the decedent's estate, commenced this action against the defendant, asserting causes of action, inter alia, alleging negligence and wrongful death. The defendant moved pursuant to CPLR 3211(a)(7) to dismiss the complaint, contending that it was immune from liability under the Emergency or Disaster Treatment Protection Act (Public Health Law former art 30-D, §§ 3080-3082, repealed by L 2021, ch 96, § 1; hereinafter the EDTPA). In opposition, the plaintiff argued, among other things, that the repeal of the EDTPA in April 2021 was retroactive and, therefore, the defendant was not immune from liability. The Supreme Court granted the defendant's motion. The plaintiff appeals.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable theory" (Watts v City of New York, 186 AD3d 1577, 1578). "'If the court considers evidentiary material, the criterion then becomes whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one'" (Martinez v NYC Health & Hosps. Corp., 223 AD3d 731, 732, quoting Sokol v Leader, 74 AD3d 1180, 1181-1182 [internal quotation marks omitted]).
As is relevant here, the EDTPA initially provided, with certain exceptions, that a [*2]health care facility "shall have immunity from any liability, civil or criminal, for any harm or damages alleged to have been sustained as a result of an act or omission in the course of arranging for or providing health care services" as long as three requirements were met: the services were arranged for or provided pursuant to a COVID-19 emergency rule or otherwise in accordance with applicable law, the act or omission was impacted by decisions or activities that were in response to or as a result of the COVID-19 outbreak and in support of the State's directives, and the services were arranged or provided in good faith (Public Health Law former § 3082[1]; see Mera v New York City Health & Hosps. Corp., 220 AD3d 668, 669).
Here, contrary to the plaintiff's contention, the Supreme Court properly determined that the repeal of the EDTPA did not apply retroactively (see Hasan v Terrace Acquisitions II, LLC, 224 AD3d 475; Whitehead v Pine Haven Operating LLC, 222 AD3d 104; Ruth v Elderwood at Amherst, 209 AD3d 1281) and that none of the exceptions to the immunity provisions of the EDTPA apply (see Public Health Law former § 3082[2]; Martinez v NYC Health & Hosps. Corp., 223 AD3d at 733). However, while the EDTPA "immunized healthcare facilities from civil liability for certain acts or omissions in the treatment of patients for COVID-19 during the period of the COVID-19 emergency declaration" (Martinez v NYC Health & Hosps. Corp., 223 AD3d at 732), the defendant's submissions did not establish that the three requirements for immunity were satisfied (see Public Health Law former § 3082[1]; cf. Mera v New York City Health & Hosps. Corp., 220 AD3d 668).
Accordingly, the Supreme Court should have denied the defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint.
CONNOLLY, J.P., MALTESE, DOWLING and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court