## Estate of Alston v Harlem Ctr. for Nursing & Rehabilitation LLC

2025 NY Slip Op 30121(U)

January 14, 2025

Supreme Court, New York County

Docket Number: Index No. 152956/2022

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. PAUL A. GOETZ**        PART          **47**

*Justice*

-----------------------------------------------------------------------------X

THE ESTATE OF HENRIETTA ALSTON, BY HER
EXECUTOR, MARK ALSTON,

                Plaintiff,

- v -

HARLEM CENTER FOR NURSING AND REHABILITATION
LLC,GREATER HARLEM NURSING HOME AND
REHABILITATION CENTER, INC.,THE ALLURE GROUP
LLC,ABC CORPORATION, ABC PARTNERSHIP

                Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 152956/2022 |
| MOTION DATE | 10/30/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130

were read on this motion to/for                 DISMISSAL             .

In this Nursing Home malpractice action, remaining defendants[1], Harlem Center for Nursing and Rehabilitation LLC and the Allure Group LLC move pre-answer to dismiss the complaint as against them arguing that the allegations in the complaint trigger the Emergency or Disaster Treatment Protection Act, N.Y. Pub. Health Law § 3082(1) (effective March 7, 2020 to August 2, 2020) ("EDTPA") which granted immunity from liability for harm sustained as a result of their practices diagnosing, preventing, or treating COVID-19 during the COVID-19 emergency declaration. Defendants also argue they are entitled to immunity pursuant to the Public Readiness and Emergency Preparedness Act, 42 U.S.C.A. § 247d-6d(b) ("The PREP

---

[1] Defendant Greater Harlem Nursing Home and Rehabilitation Center entered into a stipulation with plaintiff discontinuing plaintiff's claims as against it..

**152956/2022   THE ESTATE OF HENRIETTA ALSTON, BY HER EXECUTOR, MARK ALSTON vs.**     **Page 1 of 5**
**HARLEM CENTER FOR NURSING AND REHABILITATION LLC ET AL**
**Motion No.  001**

1 of 5

Act") which according to defendants grants immunity to health care facilities for their use of approved countermeasures during a public health emergency.

## DISCUSSION

*Failure to State a Cause of Action*

When reviewing a "motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), [courts] must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every reasonable inference, and determine only whether the facts, as alleged fit within any cognizable legal theory" (*Bangladesh Bank v Rizal Commercial Banking Corp.*, 226 AD3d 60, 85-86 [1st Dept 2024] [internal quotations omitted]). "In making this determination, we are not authorized to assess the merits of the complaint or any of its factual allegations" (*id*. at 86 [internal quotations omitted]).

"A court is, of course, permitted to consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211 (a) (7)" (*Martinez v NYC Health and Hosps. Corp*., 223 AD3d 731, 732 [2d Dept 2024]). "If the court considers evidentiary material, the criterion then becomes whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one" (*id.*). "Since the evidentiary material is received for "a limited purpose only, serving normally to remedy defects in the complaint," dismissal pursuant to CPLR 3211 (a) (7) is warranted only where the evidentiary material "conclusively establish[es] that [the plaintiff] has no cause of action" (*id*.). "Dismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (*Mera v New York City Health and Hosps. Corp.*, 220 AD3d 668, 669 [2d Dept 2023]).

**152956/2022   THE ESTATE OF HENRIETTA ALSTON, BY HER EXECUTOR, MARK ALSTON vs.**          **Page 2 of 5**
**HARLEM CENTER FOR NURSING AND REHABILITATION LLC ET AL**
**Motion No.  001**

[* 2]

2 of 5

*EDTPA*

The EDTPA "provided that hospitals, nursing homes, and health care professionals, among others, were immune from potential liability arising from actions related to the care of patients with COVID–19" (*Hasan v Terrace Acquisitions II, LLC*, 224 AD3d 475, 476 [1st Dept 2024]). While the statute has since been repealed, the repeal has been determined to not have a retroactive effect and the First Department has since applied EDTPA immunity to applicable suits (*id*. ["The language of the statute itself does not evince an intent to make the repeal retroactive"]).

These immunities applied as long as three conditions were met:

(1) the services were arranged for or provided pursuant to a COVID-19 emergency rule or otherwise in accordance with applicable law;
(2) the act or omission was impacted by decisions or activities that were in response to or as a result of the COVID-19 outbreak and in support of the State's directives; and
(3) the services were arranged or provided in good faith

(*Mera*, 220 AD3d at 669).

Here, the complaint states that "This action is brought due to HENRIETTA ALSTON dying as a result of defendant's failure to protect its residents, including one HENRIETTA ALSTON, from the SARS-Cov-2 ("COVID-19") virus before, during and throughout the outbreak and pandemic." (NYSCEF Doc No 31 ¶ 6). The complaint further alleges that the defendants failed to effectively screen and test for Covid-19, failed to properly restrict visitors, and failed to have proper staffing and proper available personal protective equipment (PPE) (*id*. at ¶¶ 261, 293, 323, 327, 330, 391, and 392).

Defendants submit the affidavits of Dr. Daniel Ogbovoh, decedent's physician, and Thara Cesar, Administrator of the Harlem Center (NYSCEF Doc Nos 37 and 38). Dr. Ogbovah avers that, decedent's care was directly and unavoidably impacted by attempts to follow COVID-19

**152956/2022   THE ESTATE OF HENRIETTA ALSTON, BY HER EXECUTOR, MARK ALSTON vs.**
**HARLEM CENTER FOR NURSING AND REHABILITATION LLC ET AL**
**Motion No.  001**

**Page 3 of 5**

3 of 5

[* 3]

guidelines issued by various agencies. For example, suspected or confirmed COVID-19 patients were not to be transferred to a hospital unless there were "severe symptoms" and nursing homes were directed to admit any individual they normally would admit to their facilities including from hospitals where COVID-19 was present (NYSCEF Doc No 37 at ¶ 8 – 9). Dr. Ogbovah further states that because of the requirements that staff wear full PPE to treat a suspected COVID-19 positive patient, and change that PPE when moving on to a new patient, the added time had significant impacts on the quality of care they were able to provide (*id*. at ¶ 13). Thara Cesar, similarly asserts that the "New York Department of Health directed that no resident could be "denied re-admission or admission to the [nursing home] solely based upon a confirmed or suspected diagnosis of COVID-19 [which] directly led [to] the surging COVID-19" in the facility (NYSCEF Doc No 38 at ¶ 16 -18).

Dismissal is warranted if "the affidavits establish conclusively that plaintiff has no cause of action" (*Crampton v Garnet Health*, 73 Misc 3d 543, 553 [Orange Co SC 2021]). "[T]he factual predicate for invoking this broad immunity is minimal" (*id*. at 558; *see also Mera* 220 AD3d at 670 ["The affirmations of the attending physician who treated the decedent at the hospital, submitted by the defendants in support of the motion, established that the defendants were entitled to immunity under the EDTPA"]). As in *Hasan*, the documents submitted with the motion to dismiss including, decedent's medical records, pandemic related policies and state issued guidelines, and the affirmations of Dr. Ogbovah and Thara Cesar establish that defendants were providing health care services under COVID-19 emergency orders, that the care was impacted by decisions in response to state directives, and the decedent was provided care in good faith, and thus defendants are entitled to immunity under the statute (*Hasan*, 224 AD3d at 478).

**152956/2022   THE ESTATE OF HENRIETTA ALSTON, BY HER EXECUTOR, MARK ALSTON vs. HARLEM CENTER FOR NURSING AND REHABILITATION LLC ET AL Motion No.  001**                    **Page 4 of 5**

[* 4]

4 of 5

Nor do the allegations in the complaint meet the standard to trigger the exceptions to the EDTPA to constitute willful or intentional criminal misconduct, gross negligence, reckless misconduct, or intentional infliction of harm. Allegations which rise to the level "gross negligence, [must] differ[] in kind, not only degree, from claims of ordinary negligence" (*Weiss v Vacca*, 219 AD3d 1375, 1377 [2d Dept 2023]). Because, here the complaint fails to make allegations "[t]hat the defendants' acts or omissions constituted willful or intentional criminal misconduct, gross negligence, reckless misconduct, or intentional infliction of harm, none of the exceptions to the immunity provisions of EDTPA apply" (*Martinez*, 223 AD3d at 733).[2]

Accordingly it is

ORDERED that defendants' motion to dismiss the complaint is granted and the complaint is dismissed in its entirety, with costs and disbursements to defendants as taxed by the Clerk of the Court, and the Clerk is directed to enter judgment accordingly in favor of defendants.

20250114163224PGOETZC.......84059CBB4F34BC61A0A64Z2EE20E

| | | | |
|---|---|---|---|
| **1/14/2025** | | | **PAUL A. GOETZ, J.S.C.** |
| **DATE** | | | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | ☐ DENIED | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

---

[2] Because the complaint will be dismissed based upon the immunity provided by the EDTPA, the court need not consider whether defendants also would be granted immunity from suit under The PREP Act, however courts have dismissed similar claims on these grounds (*see Hohler v. Garden Gate Health Care Facility,* Index No. 804700/2022 [Erie Co SC March 22, 2023]).

**152956/2022   THE ESTATE OF HENRIETTA ALSTON, BY HER EXECUTOR, MARK ALSTON vs.        Page 5 of 5
HARLEM CENTER FOR NURSING AND REHABILITATION LLC ET AL
Motion No.  001**

[* 5]