## Barulich v Mary Manning Walsh Nursing Home Co., Inc.

2025 NY Slip Op 30925(U)

March 21, 2025

Supreme Court, New York County

Docket Number: Index No. 151510/2023

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. PAUL A. GOETZ**

*Justice*

PART **47**

---------------------------------------------------------------------------------X

MICHAEL BARULICH AS ADMINISTRATOR OF THE
ESTATE OF DIANA BARULICH, DECEASED

Plaintiff,

- v -

MARY MANNING WALSH NURSING HOME COMPANY,
INC.,

Defendant.

---------------------------------------------------------------------------------X

INDEX NO. 151510/2023

MOTION DATE 12/06/2024

MOTION SEQ. NO. 001

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114

were read on this motion to/for                              DISMISSAL                              .

In this Nursing Home malpractice action, defendant, Mary Manning Walsh Nursing

Home Company, Inc ("Mary Manning") moves pre-answer to dismiss the complaint arguing that

the allegations in the complaint trigger the Emergency or Disaster Treatment Protection Act,

N.Y. Pub. Health Law § 3082(1) (effective March 7, 2020 to August 2, 2020) ("EDTPA") which

granted immunity from liability for harm sustained as a result of their practices diagnosing,

preventing, or treating COVID-19 during the COVID-19 emergency declaration. Defendant also

argues it is entitled to immunity pursuant to the Public Readiness and Emergency Preparedness

Act, 42 U.S.C.A. § 247d-6d(b) ("The PREP Act") which according to defendant grants immunity

to health care facilities for their use of approved countermeasures during a public health

emergency.

**151510/2023  MICHAEL BARULICH AS ADMINISTRATOR OF THE ESTATE OF DIANA
BARULICH, DECEASED vs. MARY MANNING WALSH NURSING HOME COMPANY, INC.
Motion No.  001**

**Page 1 of 6**

[* 1]

1 of 6

## DISCUSSION

*Failure to State a Cause of Action*

When reviewing a "motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), [courts] must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every reasonable inference, and determine only whether the facts, as alleged fit within any cognizable legal theory" (*Bangladesh Bank v Rizal Commercial Banking Corp.*, 226 AD3d 60, 85-86 [1st Dept 2024] [internal quotations omitted]). "In making this determination, we are not authorized to assess the merits of the complaint or any of its factual allegations" (*id*. at 86 [internal quotations omitted]).

"A court is, of course, permitted to consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211 (a) (7)" (*Martinez v NYC Health and Hosps. Corp*., 223 AD3d 731, 732 [2d Dept 2024]). "If the court considers evidentiary material, the criterion then becomes whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one" (*id.*). "Since the evidentiary material is received for "a limited purpose only, serving normally to remedy defects in the complaint," dismissal pursuant to CPLR 3211 (a) (7) is warranted only where the evidentiary material "conclusively establish[es] that [the plaintiff] has no cause of action" (*id*.). "Dismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (*Mera v New York City Health and Hosps. Corp.*, 220 AD3d 668, 669 [2d Dept 2023]).

*EDTPA*

**151510/2023   MICHAEL BARULICH AS ADMINISTRATOR OF THE ESTATE OF DIANA BARULICH, DECEASED vs. MARY MANNING WALSH NURSING HOME COMPANY, INC. Motion No. 001**

**Page 2 of 6**

2 of 6

The EDTPA "provided that hospitals, nursing homes, and health care professionals, among others, were immune from potential liability arising from actions related to the care of patients with COVID–19" (*Hasan v Terrace Acquisitions II, LLC*, 224 AD3d 475, 476 [1st Dept 2024]). While the statute has since been repealed, the repeal has been determined not to have been retroactive and the First Department has since applied EDTPA immunity in applicable cases (*id.* ["The language of the statute itself does not evince an intent to make the repeal retroactive"]).

These immunities applied as long as three conditions were met:

(1) the services were arranged for or provided pursuant to a COVID-19 emergency rule or otherwise in accordance with applicable law;
(2) the act or omission was impacted by decisions or activities that were in response to or as a result of the COVID-19 outbreak and in support of the State's directives; and
(3) the services were arranged or provided in good faith

(*Mera*, 220 AD3d at 669).

The only exception to the EDTPA immunity is for:

harm or damages [which] were caused by an act or omission constituting willful or intentional criminal misconduct, gross negligence, reckless misconduct, or intentional infliction of harm by the health care facility or health care professional providing health care services, provided, however, that acts, omissions or decisions resulting from a resource or staffing shortage shall not be considered to be willful or intentional criminal misconduct, gross negligence, reckless misconduct, or intentional infliction of harm.

(NY Public Health Law § 3082(2)

Defendants submit the affidavits of Chief Clinical Officer Helen Verceles (NYSCEF Doc No 24) and Chief Medical Officer Dr. Taimur Mirza (NYSCEF Doc No 25), Diana Barulich's certified medical record (NYSCEF Doc No 27), Mary Manning's COVID-19 protocols (NYSCEF Doc No 29) and various federal, state, and local public health guidance (NYSCEF Doc Nos 30-36). Dr. Mirza outlines in her affirmation the ways that decedent's care was

**151510/2023   MICHAEL BARULICH AS ADMINISTRATOR OF THE ESTATE OF DIANA BARULICH, DECEASED vs. MARY MANNING WALSH NURSING HOME COMPANY, INC.
Motion No.  001**

**Page 3 of 6**

3 of 6

[* 3]

impacted by the facilities attempts to follow COVID-19 protocols issued by various agencies. For example, in March of 2020, the facility while treating the decedent for suspected COVID-19 symptoms, chose not to transfer her to a hospital, as the facility, pursuant to Center for Medicare & Medicaid Services ("CMS") had to base its decisions on whether to transfer a patient to the hospital, based upon the severity of the patients' symptoms, considering the rampant spread of the disease in hospitals at that time (NYSCEF Doc No 25 at ¶ 19). Further, Chief Clinical Officer Helen Verceles, avers that because of United States Centers for Disease Control and Prevention and New York State's Department of Health guidelines that required the facility to send staff members home who exhibited COVID-19 symptoms, the available staff had an increased number of residents to care for, which had significant impacts on the care of all residents in the facility (NYSCEF Doc No 24 ¶ 18).

Dismissal is warranted if "the affidavits establish conclusively that plaintiff has no cause of action" (*Crampton v Garnet Health*, 73 Misc 3d 543, 553 [Orange Co SC 2021]). "[T]he factual predicate for invoking this broad immunity is minimal" (*id*. at 558; *see also Mera* 220 AD3d at 670 ["The affirmations of the attending physician who treated the decedent at the hospital, submitted by the defendants in support of the motion, established that the defendants were entitled to immunity under the EDTPA"]).

While, plaintiff argues that the repeal of the EDTPA was intended to have a retroactive effect and thus would prevent defendants from asserting immunity, in *Hasan*, the First Department rejected this argument holding that since "the Senate debate included only one statement expressing the understanding that the repeal would be prospective" that "[t]he floor debates … do not demonstrate retroactive intent" (224 AD3d at 478).

**151510/2023   MICHAEL BARULICH AS ADMINISTRATOR OF THE ESTATE OF DIANA BARULICH, DECEASED vs. MARY MANNING WALSH NURSING HOME COMPANY, INC. Motion No.  001**

**Page 4 of 6**

4 of 6

Plaintiff also relies on the holding in *Holder v Jacob*, where the court denied a motion to dismiss made by a facility attempting to assert EDTPA immunity holding that the defendants failed to conclusively establish that "the treatment of [plaintiff was] impacted by [defendants'] decisions or activities in response to or as a result of the COVID–19 outbreak" (231 AD3d 78, 88 [1st Dept 2024]). However, notably in *Holder*, it was undisputed that the plaintiff had not tested positive for COVID-19 and was being treated for ulcerative colitis (*id.*).

Here, on the other hand, defendants have conclusively established that the treatment was impacted by the defendant's activities or decisions made in response to the COVID-19 pandemic as it is undisputed that decedent tested positive for and was being treated for COVID-19. As in *Hasan*, the documents submitted with the motion to dismiss including, decedent's medical records, pandemic related policies and state issued guidelines, and the affirmations of Dr. Mirza and Helen Verceles, establish that defendants were providing health care services under COVID-19 emergency orders, that the care was impacted by decisions in response to state directives, and the decedent was provided care in good faith, and thus defendants are entitled to immunity under the statute (*Hasan*, 224 AD3d at 478).

Nor do the allegations in the complaint meet the standard to trigger the exceptions to the EDTPA to constitute willful or intentional criminal misconduct, gross negligence, reckless misconduct, or intentional infliction of harm. Allegations which rise to the level "gross negligence, [must] differ[] in kind, not only degree, from claims of ordinary negligence" (*Weiss v Vacca*, 219 AD3d 1375, 1377 [2d Dept 2023]). Because, here the complaint fails to make allegations "[t]hat the defendants' acts or omissions constituted willful or intentional criminal misconduct, gross negligence, reckless misconduct, or intentional infliction of harm, none of the exceptions to the immunity provisions of EDTPA apply" (*Martinez*, 223 AD3d at 733).

**151510/2023   MICHAEL BARULICH AS ADMINISTRATOR OF THE ESTATE OF DIANA BARULICH, DECEASED vs. MARY MANNING WALSH NURSING HOME COMPANY, INC. Motion No.  001**

**Page 5 of 6**

5 of 6

Accordingly it is

ORDERED that defendants' motion to dismiss the complaint is granted and the complaint

is dismissed in its entirety, with costs and disbursements to defendants as taxed by the Clerk of the

Court, and the Clerk is directed to enter judgment accordingly.

20250321151442PG0ETZ9491EC77B66B44F7B528631AC7D1F4BF

**3/21/2025**
**DATE**

**PAUL A. GOETZ, J.S.C.**

| CHECK ONE: | | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | X | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**151510/2023   MICHAEL BARULICH AS ADMINISTRATOR OF THE ESTATE OF DIANA BARULICH, DECEASED vs. MARY MANNING WALSH NURSING HOME COMPANY, INC.
Motion No.  001**

Page 6 of 6

6 of 6

[* 6]