Lara v S&J Operational, LLC (2025 NY Slip Op 02582)

Lara v S&J Operational, LLC

2025 NY Slip Op 02582

Decided on April 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2023-06114
 (Index No. 616773/22)

[*1]Catherine Lara, etc., respondent, 
v
S & J Operational, LLC, etc., appellant.

Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains, NY (Judy C. Selmeci and Lori R. Semlies of counsel), for appellant.
Krenstel Guzman Herbert, LLP (Horn Appellate Group, Brooklyn, NY [Scott T. Horn], of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, gross negligence, and wrongful death, the defendant appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated April 26, 2023. The order denied the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint is granted.
The plaintiff, as the executor of the estate of the decedent Edward J. Fudjinski (hereinafter the decedent), commenced this action against the defendant to recover damages the plaintiff alleged the decedent sustained while a patient at a nursing facility operated by the defendant. The plaintiff alleged that during the decedent's admission, the decedent became infected with SARS-CoV-2 and COVID-19, which resulted in his death on February 15, 2021. The plaintiff asserted causes of action alleging, inter alia, negligence, gross negligence, and wrongful death arising out of the decedent's death. The defendant moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint, contending, among other things, that it was immune from liability under the Emergency or Disaster Treatment Protection Act (Public Health Law former art 30-D, §§ 3080-3082, repealed by L 2021, ch 96, § 1; hereinafter the EDTPA). The plaintiff opposed on the ground, inter alia, that the repeal of the EDTPA in April 2021, was retroactive and, therefore, the defendant was not immune from liability. In an order dated April 26, 2023, the Supreme Court denied the defendant's motion. The defendant appeals.
"On a motion to dismiss pursuant to CPLR 3211(a)(7), the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory" (Gorbatov v Tsirelman, 155 AD3d 836, 837; see Clevenger v Yuzek, 222 AD3d 931, 934). Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and dismissal shall not eventuate unless it has been shown that a material [*2]fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it (see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275).
At the outset of the COVID-19 pandemic, the New York State Legislature enacted the EDTPA with the stated purpose of "promot[ing] the public health, safety and welfare of all citizens by broadly protecting the health care facilities and health care professionals in this state from liability that may result from treatment of individuals with COVID-19 under conditions resulting from circumstances associated with the public health emergency" (Public Health Law former § 3080; see Mera v New York City Health & Hosps. Corp., 220 AD3d 668, 669).
The EDTPA, as effective August 3, 2020, to April 5, 2021, provided, with certain exceptions, that a health care facility "shall have immunity from any liability, civil or criminal, for any harm or damages alleged to have been sustained as a result of an act or omission in the course of providing health care services," if: (a) the health care facility "is providing health care services in accordance with applicable law, or where appropriate pursuant to a COVID-19 emergency rule"; (b) the act or omission occurs in the course of providing health care services and the treatment of the individual is impacted by the health care facility's "decisions or activities in response to or as a result of the COVID-19 outbreak and in support of the state's directives"; and (c) the health care facility "is providing health care services in good faith" (Public Health Law former § 3082[1][a]-[c]). The immunity provided by Public Health Law former § 3082(1) did not apply "if the harm or damages were caused by an act or omission constituting willful or intentional criminal misconduct, gross negligence, reckless misconduct, or intentional infliction of harm" (id. former § 3082[2]).
Here, the Supreme Court should have granted the defendant's motion to dismiss the complaint on the ground of immunity (see Whitehead v Pine Haven Operating LLC, 222 AD3d 104, 109-110). Contrary to the plaintiff's contention, the repeal of the EDTPA is not retroactive (see Damon v Clove Lakes Healthcare & Rehabilitation Ctr., Inc., 228 AD3d 618, 619; Hasan v Terrace Acquisitions II, LLC, 224 AD3d 475, 476).
Moreover, the defendant's submissions in support of its motion, including the complaint, the decedent's medical chart, various policies and procedures from Centers Health Care, and an affidavit of the director of nursing at the defendant's facility, conclusively established that the defendant's facility was providing health care services in accordance with applicable law, or where appropriate, pursuant to a COVID-19 emergency rule; the alleged act or omission occurred in the course of providing health care services, and the treatment of the decedent was impacted by the defendant's decisions or activities in response to, or as a result of, the COVID-19 outbreak and in support of the state's directives; and the defendant was providing health care services in good faith (see Public Health Law former § 3082[1]; Martinez v NYC Health & Hosps. Corp., 223 AD3d 731, 732-733; Mera v New York City Health & Hosps. Corp., 220 AD3d at 670).
Further, the factual allegations of the complaint were insufficient to show willful or intentional criminal misconduct, gross negligence, reckless misconduct, or intentional infliction of harm (see Whitehead v Pine Haven Operating LLC, 222 AD3d at 110-111).
Accordingly, the Supreme Court should have granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
In light of our determination, the defendant's remaining contentions need not be addressed.
DUFFY, J.P., CHRISTOPHER, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court