Estate of Maryanne Pierro v Carmel Richmond Healthcare & Rehabilitation Ctr. (2025 NY Slip Op 04632)

Estate of Maryanne Pierro v Carmel Richmond Healthcare & Rehabilitation Ctr.

2025 NY Slip Op 04632

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2023-10914
 (Index No. 152011/22)

[*1]Estate of Maryanne Pierro, etc., respondent,
v
Carmel Richmond Healthcare and Rehabilitation Center, appellant, et al., defendants.

Barker Patterson Nichols, LLP, Garden City, NY (Megan A. Lawless of counsel), for appellant.
Napoli Shkolnik PLLC, Melville, NY (Joseph L. Ciaccio of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, the defendant Carmel Richmond Healthcare and Rehabilitation Center appeals from an order of the Supreme Court, Richmond County (Ronald Castorina, Jr., J.), dated November 15, 2023. The order denied that defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Carmel Richmond Healthcare and Rehabilitation Center pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it is granted.
Joseph Stazzone (hereinafter the plaintiff), as proposed administrator of the estate of his mother, Maryanne Pierro (hereinafter the decedent), commenced this action against, among others, the defendant Carmel Richmond Healthcare and Rehabilitation Center (hereinafter the defendant), the nursing home where the decedent resided prior to her death. The plaintiff alleged that the decedent was infected with COVID-19 while residing at the defendant, which resulted in her death on April 2, 2020. The plaintiff asserted causes of action alleging, inter alia, negligence, gross negligence, and wrongful death arising out of the decedent's death. The defendant moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it, contending, among other things, that it was immune from liability under the Emergency or Disaster Treatment Protection Act (EDTPA) (Public Health Law former art 30-D, §§ 3080-3082, repealed by L 2021, ch 96, § 1). By order dated November 15, 2023, the Supreme Court denied the motion. The defendant appeals.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable theory" (Damon v Clove Lakes Healthcare & Rehabilitation Ctr., Inc., 228 AD3d 618, 618 [internal quotation marks omitted]; see Watts v City of New York, 186 AD3d 1577, 1578). Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff [*2]has a cause of action, not whether the plaintiff has stated one, and dismissal shall not eventuate unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it (see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275; Damon v Clove Lakes Healthcare & Rehabilitation Ctr., Inc., 228 AD3d at 618; Martinez v NYC Health & Hosps. Corp., 223 AD3d 731, 732). Dismissal pursuant to CPLR 3211(a)(7) is warranted only where the evidentiary material "conclusively establish[es] that [the plaintiff] has no cause of action" (Rovello v Orofino Realty Co., 40 NY2d 633, 636; see Guggenheimer v Ginzburg, 43 NY2d at 275; Martinez v NYC Health & Hosps. Corp., 223 AD3d at 732).
"As is relevant here, the EDTPA initially provided, with certain exceptions, that a health care facility 'shall have immunity from any liability, civil or criminal, for any harm or damages alleged to have been sustained as a result of an act or omission in the course of arranging for or providing health care services' as long as three conditions were met: [1] the services were arranged for or provided pursuant to a COVID-19 emergency rule or otherwise in accordance with applicable law; [2] the act or omission was impacted by decisions or activities that were in response to or as a result of the COVID-19 outbreak and in support of the State's directives; and [3] the services were arranged or provided in good faith" (Mera v New York City Health & Hosps. Corp., 220 AD3d 668, 669, quoting Public Health Law former § 3082[1]). "The health care services covered by the immunity provision included[, at least initially,] those related to the diagnosis, prevention, or treatment of COVID-19; the assessment or care of an individual with a confirmed or suspected case of COVID-19; and the care of any other individual who presented at a health care facility or to a health care professional during the period of the COVID-19 emergency declaration" (id. at 669-670, citing Public Health Law former § 3081[5]).
Here, the Supreme Court should have granted the defendant's motion to dismiss the complaint insofar as asserted against it on the ground of immunity under the EDTPA (see Whitehead v Pine Haven Operating LLC, 222 AD3d 104, 109-110). The defendant's submissions in support of its motion, including the complaint, the decedent's medical records, the defendant's COVID-19 protocols, an affidavit of an administrator at the defendant, and an affidavit of an attending physician at the defendant, conclusively established that the defendant was providing health care services pursuant to a COVID-19 emergency rule or otherwise in accordance with applicable law; the alleged act or omission occurred in the course of providing health care services, and the treatment of the decedent was impacted by the defendant's decisions or activities in response to, or as a result of, the COVID-19 outbreak and in support of the state's directives; and the defendant was providing health care services in good faith (see Public Health Law former § 3082[1]; Martinez v NYC Health & Hosps. Corp., 223 AD3d at 732-733; Whitehead v Pine Haven Operating LLC, 222 AD3d at 110; Mera v New York City Health & Hosps. Corp., 220 AD3d at 670).
Further, the factual allegations in the complaint, even as amplified by the plaintiff's submissions in opposition to the defendant's motion, were insufficient to support a claim of willful or intentional criminal misconduct, gross negligence, reckless misconduct, or intentional infliction of harm such that the exception to immunity provided by Public Health Law former § 3082(2) applies (see Hasan v Terrace Acquisitions II, LLC, 224 AD3d 475, 479; Whitehead v Pine Haven Operating LLC, 222 AD3d at 110-111).
The parties' remaining contentions either are without merit, are improperly raised for the first time on appeal, or need not be reached in light of our determination.
CONNOLLY, J.P., MILLER, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court