Burke v Sapphire Ctr. for Rehabilitation & Nursing of Cent. Queens, LLC (2025 NY Slip Op 06596)

Burke v Sapphire Ctr. for Rehabilitation & Nursing of Cent. Queens, LLC

2025 NY Slip Op 06596

Decided on November 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LOURDES M. VENTURA, JJ.

2023-09762
 (Index No. 701755/22)

[*1]James Burke, etc., appellant, 
v
Sapphire Center for Rehabilitation and Nursing of Central Queens, LLC, et al., respondents.

Gough Law Firm, LLP (Horn Appellate Group, Brooklyn, NY [Scott T. Horn], of counsel), for appellant.
Caitlin Robin & Associates, PLLC, New York, NY (Caitlin A. Robin and Mark A. Laughlin of counsel), for respondents Sapphire Center for Rehabilitation and Nursing of Central Queens, LLC, and Jerry Enella.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Peter O'Donoghue, J.), entered August 9, 2023. The order granted the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the amended complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the amended complaint is denied.
The plaintiff's mother (hereinafter the decedent) was a resident at the defendant Sapphire Center for Rehabilitation and Nursing of Central Queens, LLC (hereinafter Sapphire), from September 2014 until April 2020, when she was transferred to a hospital. The decedent died on May 2, 2020, from COVID-19. The plaintiff, individually and as administrator of his mother's estate, commenced this action, inter alia, to recover damages for personal injuries, alleging negligence and gross negligence, among other things, relating to the decedent's care at Sapphire. The defendants moved pursuant to CPLR 3211(a)(7) to dismiss the amended complaint on the grounds that they were immune from liability under the Emergency or Disaster Treatment Protection Act (EDTPA) (Public Health Law former art 30-D, §§ 3080-3082, repealed by L 2021, ch 96, § 1) and that the amended complaint failed to set forth any facts that would establish gross negligence. In the order appealed from, the Supreme Court granted the motion, finding that the defendants were protected from liability by the EDTPA and that the allegations in the amended complaint did not rise to the level of gross negligence. The plaintiff appeals. We reverse.
Generally, on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the complaint is afforded a liberal construction, the allegations are accepted as true, the plaintiff is accorded the benefit of every possible favorable inference, and the court determines whether the facts as alleged fit within any cognizable legal theory (see Connolly v Long Is. Power Auth., 30 NY3d 719, 728; Leon v Martinez, 84 NY2d 83, 87-88). "When evidentiary material is considered, the criterion is whether the [plaintiff] has a cause of action, not [*2]whether [the plaintiff] has stated one, and, unless it has been shown that a material fact as claimed by the [plaintiff] to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, . . . dismissal should not eventuate" (Guggenheimer v Ginzburg, 43 NY2d 268, 275; see Leon v Martinez, 84 NY2d at 88). Submissions by the defendant on a motion pursuant to CPLR 3211(a)(7) "will seldom if ever warrant [dismissal] unless [they] establish conclusively that plaintiff has no cause of action" (Rovello v Orofino Realty Co., 40 NY2d 633, 636; see Lawrence v Graubard Miller, 11 NY3d 588, 595).
At the outset of the COVID-19 pandemic, the New York State Legislature enacted the EDTPA in order "to promote the public health, safety and welfare of all citizens by broadly protecting the health care facilities and health care professionals in this state from liability that may result from treatment of individuals with COVID-19 under conditions resulting from circumstances associated with the public health emergency" (Public Health Law former § 3080; see Mera v New York City Health & Hosps. Corp., 220 AD3d 668, 669). The relevant provisions of the EDTPA that were in effect at the time of the defendants' treatment of the decedent provided health care facilities and health care professionals with immunity from civil liability "for any harm or damages alleged to have been sustained as a result of an act or omission in the course of arranging for or providing health care services, if: (a) the health care facility or health care professional [was] arranging for or providing health care services pursuant to a COVID-19 emergency rule or otherwise in accordance with applicable law; (b) the act or omission occur[ed] in the course of arranging for or providing health care services and the treatment of the individual [was] impacted by the health care facility's or health care professional's decisions or activities in response to or as a result of the COVID-19 outbreak and in support of the state's directives; and (c) the health care facility or health care professional [was] arranging for or providing health care services in good faith" (Public Health Law former § 3082[1]). The EDTPA further provided, in relevant part, that the immunity would not apply "if the harm or damages were caused by an act or omission constituting . . . gross negligence [or] reckless misconduct, . . . provided, however, that acts, omissions or decisions resulting from a resource or staffing shortage shall not be considered to be . . . gross negligence [or] reckless misconduct" (id. former § 3082[2]). The EDTPA was repealed on April 6, 2021 (see L 2021, ch 96, § 1).
Contrary to the plaintiff's contention, the Supreme Court properly determined that the repeal of the EDTPA did not apply retroactively (see Damon v Clove Lakes Healthcare & Rehabilitation Ctr., Inc., 228 AD3d 618, 619; Hasan v Terrace Acquisitions II, LLC, 224 AD3d 475, 476-478; Whitehead v Pine Haven Operating LLC, 222 AD3d 104, 108-109; Ruth v Elderwood at Amherst, 209 AD3d 1281, 1284-1291). However, the defendants' evidentiary submissions failed to establish conclusively that the three requirements for immunity under the EDTPA were met with respect to the alleged care of the decedent and, therefore, failed to establish that the plaintiff has no causes of action against them (see Public Health Law former § 3082[1]; Damon v Clove Lakes Healthcare & Rehabilitation Ctr., Inc., 228 AD3d at 619). Furthermore, accepting the allegations in the amended complaint as true and according the plaintiff the benefit of every possible favorable inference, the amended complaint adequately set forth conduct constituting gross negligence (see generally Bennett v State Farm Fire & Cas. Co., 161 AD3d 926, 929).
Accordingly, the Supreme Court should have denied the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the amended complaint.
BRATHWAITE NELSON, J.P., WOOTEN, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court