Berl v CNH Operating, LLC

2026 NY Slip Op 02238

April 15, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Chad Berl, etc., appellant,

v

CNH Operating, LLC, etc., respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 15, 2026

2024-08229, 2024-08230, (Index No. 508172/22)

Valerie Brathwaite Nelson, J.P.

William G. Ford

Deborah A. Dowling

Elena Goldberg Velazquez, JJ.

Finz & Finz, P.C., Mineola, NY (Stuart L. Finz, Todd M. Rubin, and Benjamin P. Jacobs of counsel), for appellant.

Sheeley LLP, New York, NY (Jon D. Lichtenstein of counsel), for respondent.

[*1]

DECISION & ORDER

In an action, inter alia, to recover damages for negligence, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Anne J. Swern, J.), dated April 18, 2024, and (2) an undated judgment of the same court. The order granted the defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint. The judgment, upon the order, is in favor of the defendant and against the plaintiff dismissing the complaint.

ORDERED that the appeal from the order is dismissed; and it is further,

ORDERED that the judgment is affirmed; and it is further,

ORDERED that one bill of costs is awarded to the defendant.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).

The plaintiff's decedent was a resident at the defendant's rehabilitation and nursing facility from July 2019 until April 2020. He died on April 14, 2020, after allegedly contracting COVID-19 at the defendant's facility. The plaintiff commenced this action, among other things, to recover damages for negligence, alleging that the defendant failed to prevent the decedent from contracting COVID-19. The defendant moved pursuant to 3211(a)(7) to dismiss the complaint, inter alia, on the ground that the defendant was immune from liability under the Emergency or Disaster Treatment Protection Act (EDTPA) (Public Health Law former art 30-D, §§ 3080-3082, repealed by L 2021, ch 96, § 1). The Supreme Court granted the motion. The plaintiff appeals.

Generally, on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the complaint is afforded a liberal construction, the allegations are accepted as true, the plaintiff is accorded the benefit of every favorable inference, and the court determines whether the facts as alleged fit within any cognizable legal theory (see Connolly v Long [*2]Is. Power Auth., 30 NY3d 719, 728; Leon v Martinez, 84 NY2d 83, 87-88). "When evidentiary material is considered, the criterion is whether the [plaintiff] has a cause of action, not whether [the plaintiff] has stated one, and, unless it has been shown that a material fact as claimed by the [plaintiff] to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, . . . dismissal should not eventuate" (Guggenheimer v Ginzburg, 43 NY2d 268, 275; see Leon v Martinez, 84 NY2d at 88). Submissions by the defendant on a motion pursuant to CPLR 3211(a)(7) "will seldom if ever warrant [dismissal] unless [they] establish conclusively that plaintiff has no cause of action" (Rovello v Orofino Realty Co., 40 NY2d 633, 636; see Lawrence v Graubard Miller, 11 NY3d 588, 595).

At the outset of the COVID-19 pandemic, the New York State Legislature enacted the EDTPA "in an effort to provide a measure of relief for health care facilities in their attempts to care for patients with the disease" (Schapers v West Lawrence Care Ctr., LLC, 241 AD3d 1381, 1382; see Public Health Law former § 3080). In relevant part, the EDTPA provided health care facilities with immunity from civil liability for any harm or damages alleged to have been sustained as a result of an act or omission in the course of providing health care services, if (1) the health care facility was providing health care services pursuant to a COVID-19 emergency rule or otherwise in accordance with applicable law, (2) the act or omission occurred in the course of providing health care services and the treatment of the individual was impacted by the health care facility's decisions or activities in response to or as a result of the COVID-19 outbreak and in support of the State's directives, and (3) the health care facility was providing health care services in good faith (see Public Health Law former § 3082[1]).

Here, the defendant's evidentiary submissions established conclusively that the three requirements for immunity under the EDTPA were met with respect to the allegations in the complaint, and, therefore, the plaintiff had no cause of action against the defendant (see Hyman v Richmond Univ. Med. Ctr., 239 AD3d 617, 618; Martinez v NYC Health & Hosps. Corp., 223 AD3d 731, 732; Mera v New York City Health & Hosps. Corp., 220 AD3d 668, 670). Although the EDTPA provides for certain exceptions to immunity, including gross negligence (see Public Health Law former § 3082[2]), the "bare legal conclusions with no factual specificity" in the complaint regarding that exception were "insufficient to survive a motion to dismiss" (Godfrey v Spano, 13 NY3d 358, 373; see Hyman v Richmond Univ. Med. Ctr., 239 AD3d at 619; Whitehead v Pine Haven Operating LLC, 222 AD3d 104, 110-111).

The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination.

BRATHWAITE NELSON, J.P., FORD, DOWLING and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court