Agams v Shore View Acquisition I, LLC
2026 NY Slip Op 03936
June 24, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Amina Agams, etc., respondent,
v
Shore View Acquisition I, LLC, etc., appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 24, 2026
2024-01502, (Index No. 508405/22)
Angela G. Iannacci, J.P.
Paul Wooten
Deborah A. Dowling
James P. McCormack, JJ.

Wilson Elser Moskowitz Edelman & Dicker LLP, Albany, NY (Steven V. DeBraccio of counsel), for appellant.

[*1]
DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death and gross negligence, the defendant appeals from an order of the Supreme Court, Kings County (Caroline Piela Cohen, J.), dated January 25, 2024. The order, insofar as appealed from, denied that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging gross negligence.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging gross negligence is granted.
The plaintiff, as administrator of the estate of Rashad Agamamedov (hereinafter the decedent), commenced this action against the defendant, the nursing home where the decedent resided prior to his death. The plaintiff alleged that the decedent became infected with SARS-CoV-2 and COVID-19 while residing at the defendant nursing home, which resulted in his death on April 4, 2020. In the complaint, the plaintiff asserted, among other things, a cause of action to recover damages for gross negligence arising out of the decedent's death. The defendant moved, inter alia, pursuant to CPLR 3211(a) to dismiss the cause of action alleging gross negligence, contending, among other things, that dismissal was warranted pursuant to CPLR 3211(a)(7) because the defendant was immune from liability under the Emergency or Disaster Treatment Protection Act (EDTPA) (Public Health Law former art 30-D, §§ 3080-3082, repealed by L 2021, ch 96, § 1), which, as relevant here, immunized healthcare facilities from civil liability for certain acts or omissions in the treatment of patients for COVID-19 during the period of the COVID-19 emergency declaration, and the allegations in the complaint were insufficient to support a claim sounding in gross negligence and recklessness. By order dated January 25, 2024, the Supreme Court, inter alia, denied that branch of the defendant's motion. The defendant appeals.
"'On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable theory'" (Damon v Clove Lakes Healthcare & Rehabilitation Ctr., Inc., 228 AD3d 618, 618, quoting Watts v City of New York, 186 AD3d 1577, 1578). Where evidentiary material is submitted and considered on a motion pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the [*2]question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and dismissal shall not eventuate unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it (see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275; Damon v Clove Lakes Healthcare & Rehabilitation Ctr., Inc., 228 AD3d at 618; Martinez v NYC Health & Hosps. Corp., 223 AD3d 731, 732). Dismissal pursuant to CPLR 3211(a)(7) is warranted only where the evidentiary material "conclusively establish[es] that [the plaintiff] has no cause of action" (Rovello v Orofino Realty Co., 40 NY2d 633, 636; see Guggenheimer v Ginzburg, 43 NY2d at 275; Martinez v NYC Health & Hosps. Corp., 223 AD3d at 732).
Here, the Supreme Court should have granted that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging gross negligence (see Estate of Pierro v Carmel Richmond Healthcare and Rehabilitation Ctr., 241 AD3d 645, 647; Lara v S & J Operational, LLC, 237 AD3d 1186, 1188). "An exception to EDTPA immunity exists for 'allegations that the defendants' acts or omissions constituted willful or intentional criminal misconduct, gross negligence, reckless misconduct, or intentional infliction of harm'" (Sterlacci v Clove Lakes Healthcare and Rehabilitation Ctr., Inc., 242 AD3d 1036, 1037, quoting Martinez v NYC Health & Hosps. Corp., 223 AD3d at 732-733; see Public Health Law former § 3082[2]). "To constitute gross negligence, a party's conduct must smack of intentional wrongdoing or evince a reckless indifference to the rights of others" (Sterlacci v Clove Lakes Healthcare and Rehabilitation Ctr., Inc., 242 AD3d at 1037).
Here, the factual allegations in the amended complaint, even as amplified by the plaintiff's submissions in opposition to the defendant's motion, were insufficient to support a claim of willful or intentional criminal misconduct, gross negligence, reckless misconduct, or intentional infliction of harm such that the exception to immunity provided by Public Health Law former § 3082(2) applies (see Estate of Pierro v Carmel Richmond Healthcare and Rehabilitation Ctr., 241 AD3d at 647; Martinez v NYC Health & Hosps. Corp., 223 AD3d at 732; Whitehead v Pine Haven Operating LLC, 222 AD3d 104, 110-111; Mera v New York City Health & Hosps. Corp., 220 AD3d 668, 670).
Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging gross negligence.
The defendant's remaining contentions need not be reached in light of our determination.
IANNACCI, J.P., WOOTEN, DOWLING and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court